**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BETHANY M. WINSTON,

            Plaintiff,

v.                                                Case No. 3:16-cv-679-J-34PDB

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a mutual
corporation,

            Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See University of South Ala. v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On June 2, 2016, Defendant State Farm Mutual Automobile Insurance Company (State Farm) filed its Notice of Removal (Doc. 1; Notice), removing this action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. In the Notice, State Farm asserts that this Court has "jurisdiction under the provisions of 28 U.S.C. § 1332" because it is "an action between citizens of different states," and "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." See Notice at 2. In support of the assertion regarding diversity of citizenship, State Farm declares that, "Plaintiff was a resident of Jacksonville, Duval County, Florida and is currently a resident of Hermitage, Davidson County, Tennessee." Id. However, these allegations are insufficient to establish Plaintiff's citizenship and as such, the Court is unable to determine whether it has diversity jurisdiction over this action.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." University of South Ala., 168 F.3d at 412. To establish diversity over a natural person, a party must allege the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Because the Notice and the Amended Complaint (Doc. 2) disclose only the states in which Plaintiff has resided, rather than her domicile or state of citizenship, the Court finds that State Farm has not alleged the facts necessary for the Court to determine that it has jurisdiction over this case. "Citizenship, not

residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Taylor, 30 F.3d at 1367; see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

In light of the foregoing, the Court will give State Farm an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[1]  Accordingly, it is

**ORDERED**:

Defendant shall have until **June 21, 2016**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville Florida, this 8th day of June, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

---

[3]  The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction").